IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ELLIOTT JONES,

    Plaintiff,

v.                                                        CASE NO. 1:05-cv-00083-MP-AK

JO ANNE B. BARNHART,
Commissioner of Social Security

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 21, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner denying benefits be affirmed. The Magistrate Judge filed the Report and Recommendation on Thursday, September 21, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this instance, however, no objections were made.

Plaintiff seeks review, pursuant to 42 U.S.C. § 405(g) of the Social Security Act, of the final determination of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and supplemental security income benefits filed under Title XVI of the Act. As a basis for his applications for benefits, Plaintiff alleges a disability beginning on January 2, 1995, of drug and alcohol dependence, nerve damage, back pain, and depression. Under 42 U.S.C. § 405(g) of the Social Security Act, the decision of the Commissioner of Social Security must be upheld if the Commissioner's findings of fact and determinations are supported by substantial evidence, and the correct legal standards have been applied. <u>Graham v.</u>

Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  The Court agrees with the Magistrate that a review of the record shows that the Commissioner's findings of fact and determinations are supported by substantial evidence, and therefore the decision of the Commissioner must be affirmed.

Plaintiff presents two arguments for reversing the decision of the ALJ.  First, Plaintiff argues that the ALJ erred in finding that Plaintiff's drug and alcohol use is material to his disability.  The record is replete with Plaintiff's history of abuse of alcohol, cocaine, and tobacco.  Medical expert testimony revealed that Plaintiff was repeatedly advised to quit smoking, drinking, and using cocaine, and that because Plaintiff did not, he therefore failed to follow prescribed medical treatment.  Record at 577.  Further, the medical expert stated had Plaintiff initially followed this advice, Plaintiff would have had significant improvement in his listed disabilities, and that improvement would still be seen now by abstaining from drugs and alcohol.  The Court agrees with the Magistrate that substantial evidence supports the ALJ's finding that drug and alcohol use is a contributing factor material to Plaintiff's disability, and that Plaintiff is therefore precluded from obtaining disability benefits on this ground alone.

Second, Plaintiff argues that the ALJ erred in not including all of Plaintiff's impairments in the hypothetical questions posed to the vocational expert.  "In order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).  Impairments need only be included in the hypothetical posed to the expert if the ALJ finds them to be "severe."  Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985).  Plaintiff argues that the ALJ failed to include Plaintiff's mental impairments, namely depression, in the hypothetical posed to the expert.  The Court agrees with the Magistrate that it was not error for

the ALJ to refuse to include Plaintiff's mental impairments in the hypothetical. There is no evidence, besides Plaintiff's prescription for antidepressants, supporting a severe mental impairment. Plaintiff has never sought any mental health treatment for this impairment, and medical experts linked Plaintiff's mental problems to his substance abuse, suggesting improvement if this behavior was stopped. Therefore, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 21, is adopted and incorporated by reference in this order.

2. The Commissioner's decision denying benefits is AFFIRMED.

3. The Clerk is directed to close this case.

**DONE AND ORDERED** this   *24th* day of October, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge